## Case No. 3,414.

### In re CROOKER.

[1 MacA. Pat. Cas. 134.]

Circuit Court, District of Columbia. July Term, 1850.

APPEAL FROM COMMISSIONER OF PATENTS—NEW OATH.

[1. The seventh section of the act of 1836, requiring a new oath by an applicant for a patent who persists in his application after information from the commissioner of the errors and defects of his specification, does not apply to an applicant who appeals from the commissioner's decision, so as to make such an oath a prerequisite of the appeal.]

[2. It is not necessary to sustain a decision rejecting the application for a patent that there should be evidence of a device or arrangement similar to that of the applicant, as other grounds for the commissioner's action may have existed.]

[3. If the decision of the commissioner is correct, the fact that his opinion is erroneous is immaterial.]

John Bulloch, for appellant.

CRANCH, Chief Judge. Appeal from the decision of the commissioner of patents rejecting the application of Matthew A. Crooker for letters-patent for an improvement in oscillating propellers, by arranging "the fulcrum beam C with reference to each of the beams B B and uprights D D over the guards of the boat; supported and combined in the manner set forth." The decision of the commissioner was communicated by the commissioner to the applicant in a letter dated February 19th, 1850, as follows: "Sir: Your claims to letters-patent for alleged improvements in propellers have been examined, and, I regret to state, are disallowed. You will find in Hebert on the Steam Engine, page 482, an illustration of the same devices presented by you, with the exception of the uprights, which, although not there shown, it is very evident must have been used to give support to the fulcrum of the beams."

The first reason of appeal is that in all the original evidence before the commissioner there was no device nor arrangement at all similar to that contained and defined in the claim of the specification in the application of the said Crooker. The second reason of appeal is that his claim was "for the arrangement of the fulcrum beam C', with reference to each of the beams B and upright D, extended over the guard of the boat, in the manner and for the purposes set forth. And in Hebert on the Steam Engine, page 482, to which said commissioner refers, and on which he grounds his decision of rejection, there is no fulcrum beam at all and no upright at all." The third reason of appeal is "that the commissioner in rejecting the application did reject it because it seemed to him evident that the arrangement of the fulcrum beam, and the support for it, as described by said Crooker in said application, was intended to be used by Hebert in page 482 referred to. The said Crooker denies that it is evident that said Hebert intended to use such arrangement for supporting his fulcrum beam and combining it with the other machinery as described and defined in the said claim of the said Crooker." The fourth reason of appeal is "that the suppositions or imaginations by the commissioner as to what was 'evidently the intention' of 'Hebert on the Steam Engine,' is not a good and legal

reason for rejecting the application of said Crooker."

The commissioner, in the grounds of his decision laid before the judge, seems to think that after an application has been rejected, and the applicant has taken an appeal, the applicant must make oath anew under the seventh section of the act of 1836; but by that section the oath anew is to be taken only when the applicant persists in his application after having been informed by the commissioner of the errors or defects of his specification. This happens before his claim is rejected. When finally rejected, no new oath is necessary to enable him to appeal.

The first reason of appeal is that there was no evidence of any device or arrangement like those of the applicant. In order to sustain the decision of the commissioner it was not necessary that there should be any such evidence. He might have had other grounds for rejecting the application. This is therefore no ground for reversing the decision of the commissioner.

The second reason of appeal is, in effect, that there was no fulcrum in the propeller described in Hebert, p. 482, and therefore the invention was not like Crooker's. It might not be like Crooker's, and yet the decision rejecting the application may be correct. But the commissioner, in the grounds of his decision, has, I think, shown the machines to be substantially alike.

The third reason of appeal is merely an objection to the opinion of the commissioner. Whatever may have been his opinion on that point, the decision may be correct, and the opinion is no ground for reversing it.

The fourth reason of appeal involves no point which would justify a reversal of the decision of the commissioner.

I am therefore of opinion, and so decide, that the decision of the commissioner rejecting the application of the said Matthew A. Crooker is correct and ought to be, and is, affirmed.